UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/4/2020__
```

RALPH BAKER,

                    Plaintiff,

          -against-

FREDERICK ELGHANAYAN,

                    Defendant.

20-CV-9026 (VSB)

**ORDER OF DISMISSAL**

VERNON S. BRODERICK, United States District Judge:

On October 28, 2020, Plaintiff paid the relevant fees to bring this *pro se* complaint by order to show cause, seeking to enjoin Citywide Self Storage ("Citywide") from terminating his rental agreement and removing his photography equipment and other personal property from his storage units.  (Docs. 1–2.)  On October 29, 2020, the Court denied the order to show cause, noting that there was no indication that the Court has subject matter jurisdiction over the matter, and informed Plaintiff that the Court would issue a more detailed order at a later date.  (Doc. 4.) Plaintiff has now renewed his application for a temporary restraining order.  (Docs. 5–6.)  The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–

75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The complaint sets forth the following facts.[1]  For 18 months, Plaintiff, who is blind,

disabled, and 70 years old, has been renting storage space from Citywide Self Storage (Citywide)

at 21-10 Borden Avenue in Long Island City, Queens.[2]  (Compl.)  With Citywide's approval,

Plaintiff added telephone lines and other office equipment and operated his photography business

from the space.  (*Id.* at 9.)  Plaintiff continues:

> I discovered that I could get a deal with DHS [Department of Homeless Services]
> to supply storage units, and rooms to people in the shelter system. I let the
> management know my intentions; they appear to be in disagreement with me . . .
> That's when they said "We don't want people like you here causing rats and
> roaches."

(*Id.*)

On September 12, 2020, Citywide notified Plaintiff that his lease was being terminated as

of October 31, 2020, and that any personal property left behind would be removed, because "the

unit was set up as a livable space."  (*Id.* at 11.)  Plaintiff asserts that because of the pandemic, he

is unable to find other "financially suitable work space," and that he "stands to lose over $40,000

investment over the last 18 months."  (*Id.* at 9.)

The rental agreement between Citywide and Plaintiff, which is attached to the complaint,

provides: that the unit is not to be used "for residential purposes"; that Citywide is required to

---

[1] The facts set forth herein are taken from the allegations contained in the Complaint.
(Doc. 1.)  I assume Plaintiff's allegations in the Complaint to be true for purposes of this motion.
*See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  However, my
reference to these allegations should not be construed as a finding as to their veracity, and I make
no such findings.

[2] Plaintiff uses the Borden Street address as his mailing address in his complaint. (*Id.*
¶ II.)

provide 30 days' notice prior to termination of the agreement; and that any disputes arising out of the lease must go through binding arbitration.  (*Id.* at 14–17.)  The notice of lease termination and the rental agreement show a Queens address for Citywide.  (*Id.* at 11.)  The complaint does not specify the basis for the Court's jurisdiction, and the sole defendant is Frederick Elghanayan, for whom Plaintiff provides a Manhattan address, but the connection between Citywide and Elghanayan is not clear.  (*Id.* at 10.)

On October 30, 2020, the day after the Court denied the order to show cause, Plaintiff filed a motion for a temporary restraining order and supporting affidavit, again seeking to enjoin Citywide from terminating his rental agreement and removing his property from the storage facility. (Docs. 5–6.)  The caption of the motion refers to "Elghanayan aka Citywide Self Storage," and Plaintiff asserts that "the prejudice[d] attitude of the management appears to be a direct result of the COVID-19 lockdown," and that this dispute implicates his "civil rights" under the "First Amendment."  (*Id.*)

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'"  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

3

jurisdiction, the court must dismiss the action."); *Ruhrgas AG*, 526 U.S. at 583 ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### A.      Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188–89 (2d Cir. 1996).

Plaintiff is challenging the termination of rental agreements with Citywide Self Storage and the removal of his property from Citywide's facility.  Although Plaintiff refers to his "civil rights" and the "First Amendment" in the affidavit in support of the motion for a temporary restraining order (Doc. 6), there are no facts in any of Plaintiff's submissions suggesting a claim arising under federal law.

### B.      Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount.  *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction over this action.  Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship.

## C.    Denial of Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  Plaintiff's motion for a temporary restraining order is thus denied as moot.[3]  (Docs. 5–6.)  The Clerk of Court is directed to terminate the open motion at Document 5.

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    November 4, 2020
          New York, New York

Vernon S. Broderick
United States District Judge

---

[3] The Court cannot issue an injunction in a case where it lacks subject matter jurisdiction. As it did in the October 29, 2020 order, (Doc. 4,) I recommend that Plaintiff contact the NYLAG Legal Clinic for advice about his options in this matter.